[Couch v. Holmes.]

# Couch *v.* Holmes.

*Detinue.*

(Decided May 8, 1907.  43 South. 858.)

*Chattel Mortgages; Right of Mortgagee; Unauthorized Sale by Third Person.*—Where D. mortgaged property to C. in consideration of a debt presently made, which mortgage was recorded in the county of mortgagor's residence, but was not recorded in the county to which the property was taken by a third person, and sold without the authority of the mortgagor, who owned the property at the time the property mortgage was made, the person buying the property from the unauthorized seller was not a purchaser within the terms of section 1009, Code 1896, and was not protected in his purchase as against the mortgagee.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action of detinue by M. P. Couch against H. Holmes, for a mare. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Action of detinue by Couch against Holmes for the recovery of a sorrel mare. The plaintiff's testimony tended to show that D. P. Mitchell procured a loan of him for $300 and secured it by mortgage on the mare in question. The mortgage was signed by D. P. Mitchell, M. A. Mitchell, his wife, and J. M. Mitchell, his son. The mare was used by the wife after her husband went to the penitentiary, and was kept alternately in Marshall and Cullman county. The evidence for the defendant tended to show that McLarty obtained the mare from M. A. Mitchell in Cullman county about 30 days after it was carried to Cullman the last time before the sale. McLarty traded the mare to another, and from this other the present defendant obtained the mare. There was some dispute in the testimony as to whether D. P.

Mitchell or M. A. Mitchell owned the mare. What was said in respect of this matter appears in the opinion. The plaintiff requested the court to give the jury the jury the following charge: "(1) If the mare belonged to D. P. Mitcrell at the time tre mortgage was executed, your vedict should be for the plaintiff." Trere were other charges requested relative to agency, etc., not necessary to be here set out. There was verdict for defendant, and plaintiff appeals.

STREET & ISBELL, for appellant.—If the mare was the property of the wife she was estopped to set that up.— *Wilder v. Wilder,* 89 Ala. 414; *Osborn v. Cooper,* 113 Ala. 405. An agent can sell for cash only and the wife was unauthorized to sell in payment of the husband's debts.—1 A. & E. Ency. of Law, 1003. The purchaser from the wife was not a purchaser under section 1009, Code 1896, so as to be protected.—*Wilkerson v. King,* 81 Ala. 156.

JOHN A. LUSK, for appellee.—Counsel discuss assignments of error but cites no authority.

ANDERSON, J.—The thial court erred in refusing charge 1, requested by the plaintiff. If D. P. Mitchell owned the mare when he executed the mortgage to the plaintiff, the plaintiff thereby acquired title to her and should have recovered in the court below. The defendant was not a purchaser, under section 1009 of the Code of 1896, notwithstanding plaintiff's mortgage had not been recorded in Cullman county when his grantor, Dr. McLarty, purchased the mare from the wife of Mitchell, if Mitchell was the owner of the mare. Under the terms of the statute the purchase must be from the owner when the mortgage was executed, or some one holding under him or who has authority from his to sell. The

[Hooper v. Pierce.]

evidence fails to show that Mrs. Mitchell had any authority to sell the mare. She says "that her husband, when he started off to the penitentiary, said nothing to her about taking care of his affairs; only told her to do the best she could while he was gone; that she had no authority from him to sell the mare." D. P. Mitchell testified "that, when he started off to the penitentiary, he did not authorize his wife to sell the mare; that he placed the mare in plaintiff's charge; that he did tell his wife to take care of his things and do the best she could while he was gone." The testimony failed to show authority to the wife to sell, nor could such authority be inferred therefrom.

The judgment of the circuit court is reversed, and the cause is remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.